UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL TORRES | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:16cv925 (MPS) |
| | : | |
| WARDEN MALDONADO | : | |

**RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE**

The petitioner, Michael Torres, is currently confined at Osborn Correctional Institution. In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, the petitioner challenges his 2004 conviction for sexual assault in the first degree and risk of injury to a minor.

**I.     Procedural Background**

Following a jury trial in July 2004, the petitioner was convicted of sexual assault in the first degree and risk of injury to a minor. He was sentenced to a thirty-year term of imprisonment, execution suspended after twenty-one years. Pet., Doc. No. 1, at 2.

On direct appeal, the petitioner argued that he was denied a fair trial because the court improperly instructed the jury regarding the penetration element of sexual assault in the first degree and the date of the offense. The Connecticut Appellate Court affirmed the conviction and the Connecticut Supreme Court denied certification to appeal. *State v. Michael T.*, 97 Conn. App. 478, 905 A.2d 670, *cert. denied*, 280 Conn. 927, 909 A.2d 524 (2006).

In January 2005, the petitioner filed a state habeas action on the ground that trial counsel was ineffective and he was actually innocent of the charge. He included six examples of ineffective assistance, alleging that trial counsel failed to (1) present an expert in the pretrial

stage of the case regarding the petitioner's propensity, or lack of propensity, to engage in sexual abuse of a child; (2) present an expert at trial on the issue of the reliability of the victim's disclosure; (3) present an expert at the pretrial stage concerning the disease trichomonas; (4) present an expert at trial concerning the disease trichomonas; (5) adequately investigate the case; and (6) engage in effective pretrial discovery.  *Torres v. Warden*, No. CV05-4000278-S, 2008 WL 2426600, at *10  (Conn. Super. Ct. May 28, 2008).   The habeas court found that trial counsel was ineffective in failing to present expert testimony on issues of the reliability of the victim's disclosures and the disease trichomonas.  *Id.* at *13.

  The respondent appealed.  The petitioner did not file a cross-appeal regarding the other four examples of ineffective assistance on which his petition was denied.  The Connecticut Appellate Court affirmed the judgment of the habeas court regarding trial counsel's failure to effectively challenge the state's inculpatory medical evidence.  *Michael T. v. Commissioner of Correction*, 122 Conn. App. 416, 417-18, 999 A.2d 818, 819 (2010).  The Connecticut Supreme Court reversed on the issue of expert testimony regarding trichomonas and remanded the case to the Appellate Court to consider the issue of expert testimony on the suggestibility of the victim and the reliability of her recollections.  *Michael T. v. Commissioner of Correction*, 307 Conn. 84, 103-04, 52 A.3d 655, 667 (2012).   On remand, the Connecticut Appellate Court held that trial counsel's failure to present expert testimony on the reliability of the victim's disclosures constituted ineffective assistance.  *Michael T. v. Commissioner of Correction*, 144 Conn. App. 45, 47, 71 A.3d 660, 662 (2013).  Again, the Connecticut Supreme Court reversed.  *Michael T. v. Commissioner of Correction*, 319 Conn. 623, 624-26, 126 A.3d 558, 559-60 (2015).

## II. The Federal Petition

The petitioner challenges his conviction on four grounds. In the first two grounds, the petitioner asserts claims of improper jury instructions. He contends that the trial judge erred when he explained the penetration element of the crime sexual assault in the first degree and in charging the jury regarding the date of the offense. In the third ground, the petitioner asserts the same six examples of ineffective assistance of trial counsel asserted in his state habeas petition. In the fourth ground, the petitioner argues that the Connecticut Supreme Court relied on factual inaccuracies in its opinion.

## III. Standard of Review

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005). The federal claims must be clearly set forth in the petition or brief. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (petitioner "does not 'fairly present' a claim to a state

court if that court must read beyond a petition or a brief … that does not alert it to the presence of a federal claim in order to find material … that does so").

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).  A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted.  *See Galdamez*, 394 F.3d at 73-74.

**IV.     Discussion**

The respondent moves to dismiss the petition on the ground that the petitioner failed to exhaust his state court remedies with regard to all grounds for relief.  Specifically, the respondent contends that with regard to the third ground for relief, the petitioner has exhausted his state court remedies only on the second and fourth examples of ineffective assistance.

In response to the motion to dismiss, the petitioner states that he wishes to proceed only on the exhausted claims.  He identifies two claims:  (1) denial of a fair trial because the trial court improperly instructed the jury regarding the penetration element of sexual assault in the first degree and the date of the offense, and (2) ineffective assistance of counsel based on trial counsel's failure to present expert testimony on the issue of the reliability of the victim's disclosures and on the disease trichomonas.  In light of the withdrawal of the unexhausted claims, the motion to dismiss is denied.

**V.     Conclusion**

The respondent's motion to dismiss the petition for writ of habeas corpus [**Doc. No. 11**] is **DENIED**.  The case will proceed only on the following claims for which the respondent

4

concedes that the petitioner has exhausted his state court remedies:  (1) denial of a fair trial because the trial court improperly instructed the jury regarding the penetration element of sexual assault in the first degree and the date of the offense, and (2) ineffective assistance of counsel based on trial counsel's failure to present expert testimony on the issues of the reliability of the victim's disclosures and the disease trichomonas.

Accordingly, the respondent is **ORDERED** to file a response on or before **March 17, 2017,** why the relief prayed for in the petition as to the exhausted claims set forth above should not be granted.

**SO ORDERED** this 10th day of February 2017, at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge